

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
## for the

Raul Contreras
*Petitioner*

v.

Michael Bouchard
*Respondent*

*(name of warden or authorized person having custody of petitioner)*

)
)
)
)
)
)
)
)
)
)

**Case: 2:23-cv-10703**
**Judge: Leitman, Matthew F.**
**MJ: Stafford, Elizabeth A.**
**Filed: 03-27-2023**
**HC CONTRERAS VS BOUCHARD (DP)**

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.   (a) Your full name: Raul Contreras
     (b) Other names you have used: N/A

2.   Place of confinement:
     (a) Name of institution: The Oakland County Jail
     (b) Address: 1201 N. telegraph Rd., Blog. 10 E
     Pontiac, MI 48341
     (c) Your identification number: 1433407

3.   Are you currently being held on orders by:
     ❏ Federal authorities    ❏ State authorities    ❏ Other - explain:

4.   Are you currently:
     ☑ A pretrial detainee (waiting for trial on criminal charges)
     ❏ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
        If you are currently serving a sentence, provide:
           (a) Name and location of court that sentenced you:

           (b) Docket number of criminal case:
           (c) Date of sentencing:
     ❏ Being held on an immigration charge
     ❏ Other *(explain)*:

### Decision or Action You Are Challenging

5.   What are you challenging in this petition:
     ❏ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

- ☒ Pretrial detention
- ☐ Immigration detention
- ☐ Detainer
- ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
- ☐ Disciplinary proceedings
- ☐ Other *(explain):* _____

_____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: _6th Judicial Circuit Court, Oakland County, Michigan_
   (b) Docket number, case number, or opinion number: _2020-274746-FC_
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed):*
   _I am Challenging Excessive Pretrial detention for 36 months without trial; Excessive bail; Speedy trial; Due process; Ineffective Assistance of Counsel_
   (d) Date of the decision or action: _Arrest date 3/18/2020; District arrangment 3/21/2020_

### Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☒ Yes          ☐ No
   (a) If "Yes," provide:
   (1) Name of the authority, agency, or court: _Court of Appeals of Michigan_

   (2) Date of filing: _November 21, 2022_
   (3) Docket number, case number, or opinion number: _NO. 363869_
   (4) Result: _Motion to review bail under MCR 6.106 (H) is Denied_
   (5) Date of result: _December 12, 2022_
   (6) Issues raised: _Excessive bail in violation of Michigan Constitution 1963, Art.1 § 15,16; united States Constitution Amendment VIII (1791); Due process violation of the Michigan Constitution 1963, Art. 1 § 17; United States Constitution Amendment XIV (1791)_

   _____
   _____
   _____

   (b) If you answered "No," explain why you did not appeal: _____
   _____

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☒ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: *Supreme Court of Michigan*

    (2) Date of filing: *December 22, 2022*

    (3) Docket number, case number, or opinion number: *NOS. SC 165106*

    (4) Result: *Denied, not persuaded the question Should be Reviewed*

    (5) Date of result: *March 10, 2023*

    (6) Issues raised: *Excessive bail In Violation of Michigan Constitution 1963, Art. 1, §15,16; united States Constitution Amendment VIII (1791); Due process Violation of the michigan Constitution 1963, Art. 1. §17; united States Constitution Amendment XIV (1791)*

(b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes    ☑ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____

    (3) Docket number, case number, or opinion number: _____

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a third appeal: *Not Aware of the possible Remedy*

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes    ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☐ Yes    ☐ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

_____

_____

11.  **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes          ☐ No

If "Yes," provide:

(a)  Date you were taken into immigration custody: _____

(b)  Date of the removal or reinstatement order: _____

(c)  Did you file an appeal with the Board of Immigration Appeals?

☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: _____
_____
_____
_____
_____
_____

(d)   Did you appeal the decision to the United States Court of Appeals?

❏ Yes        ❏ No

If "Yes," provide:
(1) Name of court: _____
(2) Date of filing: _____
(3) Case number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____
_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☛ Yes       ❏ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _3 Bail Reduction motions ; 1 Speedy trial Motion_

(b) Name of the authority, agency, or court: _51st district Court Waterford, MI ; 6th Circuit Court Pontiac, MI_

(c) Date of filing: _51st 7/24/2020; 6th Circuit 6/9/2021; 7/6/2022 ; 12/28/2022_

(d) Docket number, case number, or opinion number: _2020 - 274746 -FC_

(e) Result: _51st Denied ; 6th Circuit All Denied_

(f) Date of result: _51st 7/24/2020; 6th Circuit 6/23/21; 7/13/22; 1/4/23_

(g) Issues raised: _Excessive Bail in violation of Michigan Constitution 1963, Art.1 § 15,16; United States Constitution Amendment VIII (1791); Due Process violation of the Michigan Constitution 1963, Art. 1 § 17; united States Constitution Amendment XIV (1791); Speedy trial violation of the Michigan Constitution 1963, Art.1, § 20 ; United States Constitution Amendment VI (1791)_

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** I am being held In Custody as a State Pre-trial Detainee In Violation of the 8th and 14th Amendments to the United States Constitution; Michigan Constitution 1963, Art. 1 § 15, 16 & § 17.

(a) Supporting facts (*Be brief. Do not cite cases or law.*):

Excessive Bail, my Bail was set at $1,000,000.00 Cash/Surety at District Arraignment on 3/21/2020 without a factual Basis. I've challenged the Excessiveness of my Bail in all my avalible state remidies. My Current Charges and Criminal History do not Support my bail functioning as a pretrial detention order, this excessive bail is not allowing me to exersize my right to pretrial liberty.

(b) Did you present Ground One in all appeals that were available to you?
☑Yes          ☐No

**GROUND TWO:** I am being held In Custody as a State Pre-trial Detainee In Violation of the 6th and 14th Amendments of the United States Constitution; Michigan Constitution 1963, Art. 1, § 20 & § 17

(a) Supporting facts (*Be brief. Do not cite cases or law.*):

Speedy trial, I've been in Custody for 36 months without a Criminal trial, I've demanded for a trial through Counsel, I've objected to adjournments, I've Filed a motion to dismiss on Speedy trial grounds which was denied; prejudice is presumed and I've Suffered oppresive pretrial incarceration

(b) Did you present Ground Two in all appeals that were available to you?
☐Yes          ☑No

**GROUND THREE:** I am being held In Custody as a State Pre-trial Detainee In Violation of the 6th and 14th Amendments of the United States Constitution; Michigan Constitution 1963, Art. 1, § 17 & § 20

(a) Supporting facts (*Be brief. Do not cite cases or law.*):

Ineffective assistance of Counsel, I've prepared a factual record of how Counsel was ineffective; Counsel has withdrew over my objection twice for unreasonable reasons. Counsel has not Filed any motions to prepare my Case for trial or file a witness List Calling witnesses for the defence; Counsel has failed to investigate to prepare a proper defence.

(b) Did you present Ground Three in all appeals that were available to you?
☐Yes          ☑No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: I was Informed and under the impression If I Complete one round of the exaustion Requirement, I would be able to Challange all the grounds on a writ of Habeas Corpus.

### Request for Relief

15. State exactly what you want the court to do: to grant an unconditional writ of habeas Corpus dismissing State Criminal Information Pursuant to Case number 2020-274746-FC or in the alternative release on personal Recognize pending disposition of writ of Habeas corpus, or grant reasonable bail pending disposition of writ of Habeas Corpus

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

3-20-23

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 3-20-23                          Raul Contreras
                                                        *Signature of Petitioner*


                                                        *Signature of Attorney or other authorized person, if any*

Page 9 of 9

Ground One, Excessive Bail;

A One million Dollar Bail/Bond in this Case without Any Factual Findings Having Been made by the trial Court on the question of the Affordability of Such A Bail/Bond Amounts to a de Facto order of Detention and A violation of Defendant-Appellant's rights under Const. 1963, Art 1 § 15, § 16; US Const, Amend VIII; And US Const, Amend XIV.

Because this is a bail/bond matter for which Contreras has an immediate interest in Vindicating, "relief in this type of Case must be Speedy if it is to be effective." Stack v. Boyle, 342 US 1, 4; 72 S Ct 1; 96 L Ed 3 (1951); See also Atkins V People of the State of Michigan, 644 F2d 543, 549 (6th Cir 1981) ("The issue of Weather the right to bail has been denied is Collateral to and independent of the merits of the Case pending against the detainee, and it is a right that, if not asserted immediately at the time it is Infringed, is irremedibly lost.")

Moreover, Contreras' First bond reduction motion specifically raised the issue of the unreasonableness and unaffordability of Such an onerous bail amount - One which the average person in this Country Could not afford - and none of the trial Court's oral ruling's or written orders Set forth any reasons which show that that the issue was addressed. Of note, the people in its Response to defendant's First bond reduction motion also did not address the Constitutional arguement which was made by Defendant in his motion with respect to the affordability issue and the result being preventive detention via Judicial Fiat and the onerously Set high bond.

As the late Cheif Justice Rehnquist penned, "In our Society liberty is the norm, and detention prior to trial or without trial is the Carefully limited exception." United States v. Salerno, 481 U.S. 739, 755; 107 S Ct 2095; 95 L Ed 2d 697 (1987). Michigan law adheres to this principal in its Constitution. See Const. 1963, Art 1 § 15 (Generally, "all persons Shall, before Conviction, be bailable by Sufficient Sureties.");

1/6

Const. 1963, Art 1, § 16 ("Excessive bail Shall not be required."); See also People v Davis, 337 Mich App 67, 74; 972 NW2d 304 (2021) ("under Michigan Law, before Conviction a defendant is, with Certain exceptions, entitled as a matter of Constitutional right to have reasonable bail established for pretrial Release.").

Writing for a majority of the united States Supreme Court, The late Justice Ginsburg Stated, "With only 'a handful' of exceptions, this Court has held that the Fourteenth Amendment's Due Process Clause Incorporates the Protections Contained in the bill of Rights, Rendering them applicable to the States." Timbs v Indiana, ---US---; 139 S Ct 682, 687; 203 L Ed 2d 11 (2019). Timbs observed that the Eighth Amendment prohibits "excessive Bail" and that "the Clause Places 'parallel limitations'" on "the Power of those entrusted with the Criminal-law Function of government.'" Id., at 687 (quoting Browning-Ferris Industries of Vt, Inc V. Kelco Disposal, Inc, 492 U.S. 257, 263, 109 S. Ct. 2909, 106 L. Ed. 2d 219 (1989)). "Bail, of Corse, is basic to our System of Law, Stack v. Boyle, 342 U.S. 1; 72 S Ct 1; 96 L Ed 3 (1951); Herzog v United States, 75 S. Ct. 349, 351, 99 L. Ed. 1299, 1301 (1955) (opinion of Douglas, J) and the Eighth Amendment's Proscription of excessive bail has been assumed to have application to the States through the Fourteenth Amendment." Schilb v Kuebel, 404 US 357, 365; 92 S Ct 479; 30 L Ed 2d 502 (1971).

There are no factual findings from the trial Court to review With respect to the issue Raised herein. Nevertheless, the issue was Raised by Contreras. Contreras adopts the Position that if he was a millionaire the trial Court has essentially held that he Could be released on bond. Contreras is not a millionaire and bond is meant not to be "Excessive Such that it is unreasonable. Const 1963, Art. 1. § 15 Speaks of "Sufficient Sureties" and Art. 1, § 16 States "excessive bail Shall not be Required." See also us Const, Amend VIII.

The plain wording of the State Constitutional provisions is controlling here. People v Davis, supra, 337 Mich App at 86. As this court long ago held, on constitutional grounds, "money bail is excessive if it is in an amount greater than reasonably necessary to adequately assure that the accused will appear when his presence is required." People v Edmond, 81 Mich App 743, 747-748; 266 NW2d 640 (1978). To the extent that it may be said that the court rules permit the setting of such an onerous bail- and Contreras makes no such concession here - the "Constitution is paramount to other laws in this State and is the law to which other laws must conform; a Statute that conflicts with the State Constitution must fall." People v Davis, supra, 337 Mich App at 85. As a concurring opinion of our Supreme Court recently explained, once again, "When we interpret a provision of the court rules, the same principles that govern the interpretation of Statutes apply." In re Morrow, 508 Mich 490, 509-510; 976 NW2d 644 (2022) (Viviano, J, concurring). Thus, a court rule, too, can fall on constitutional grounds.

The fact that the hypothetical millionaire defendant would be released on a one-million-dollar bond and Contreras cannot be so released due to poverty constitutes "Invidious" discrimination. See e.g., Bearden v Georgia, 461 US 660, 665; 103 S Ct 2064; 76 L Ed 221 (1983) ("We generally analize the fairness of relations between the criminal defendant and the State under the due process clause, while we approach the question whether the State has invidiously denied one class of defendants a substancial benifit available to another class of defendants under the Equal Protection Clause.") There is no more probability that the hypothetical millionaire would be less of a "danger" or a "risk" of any other sort such as flight than Contreras hypothetically would be if he were released on a reasonable bond fitting to his financial circumstances (of corse with conditions found to be appropriate).

Const 1963, Art 1, § 15 and MCR 6.106(B) both permit the denial of bond to a in very specific instances. Both are inapplicable in this case. the onerously high money bail/bond which has been imposed can be said for no stated reasons and constitutes the sub silentio and de facto imposition of "preventive detention," which, without a constitutional amendment, violates the "Excessive Bail" clause of Const 1963, Art. 1, § 16 and US Const, Amend VIII (as incorporated to the States through US Const, Amend XIV).

The United States Court of Appeals for the Sixth Circuit, long ago, observed that: Preventive detention without bail, even in non-capital cases, has been both advocated and condemned. However, so far as we are able to determine, Preventive detention has been authorized by Congress only in the District of Columbia. We find no Congressional authorization for preventive detention under the facts of the present case.

United States v Bigelow, 544 F.2d 904, 908 (6th Cir. 1976). It is true that since Bigelow was decided the United States Supreme Court, in United States v Salerno, supra, 481 US 739, upheld a Congressional Legislative Scheme which authorized pretrial detention. The Congressional Legislative Scheme at issue, the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seg. specifically authorizes pretrial detention for any Federal Offense upon a finding of various factors by the Federal Courts.

Although the Bail Reform Act was analyzed almost entirely under due process grounds, the difference between what is allowed under Salerno and what is going on here in the instant case is that Michigan, by contrast to the Federal government, does not have (except in limited circumstances inapplicable here)

4/6

a Constitutional or legislative scheme to regulate the imposition of "authorized pretrial detention. Our Constitution, as noted above, very specifically addresses who may be denied bail and, in other instances, specifically states that "excessive bail shall not be required." (Const 1963, Art 1, §16) When addressing the Eighth Amendment challenge made in Salerno, the Court stated: "When the Government has admitted that its only interest is in preventing flight, bail must be set by a Court at a sum designed to ensure that goal, and no more." Salerno, Supra, at 754 (Citing Stack v Boyle, Supra, 342 US at 5).

## Conclusion

The lack of reasons by the trial Court is fatal here. As argued in his first motion for modification of bond in the trial Court, our Supreme Court has been "emphatic" that the rules governing pretrial release are "to be complied with in spirit, as well as to the letter." People v Spicer, 402 Mich 406, 410; 263 NW2d 256 (1978). That said, as the United States Court of Appeals for the Sixth Circuit observed in Atkins v People of the State of Michigan, 644 F2d 543, 549 (6th Cir. 1981), "this is not an eighth amendment case." The reasoning was explained by Judge Merrit as follows:

That amendment's statement that "excessive bail shall not be required" has never been interpreted to require that all persons awaiting trial be released on bail. The states have the authority to determine that certain arrestees are so dangerous to the community—Because of Either the nature of the Crime which they are charged or their propensity to flee before trial — that they may be denied bail and incarcerated. The Crucial Considerations in the present case are that "Inherent in our American Concept of liberty" is the general existence of the right to bail, Mastrian v Hedman, 326 F2d 708, 710 (8th Cir. 1964) and that if bail is denied, the denial must not violate the procedural standards developed from the due process clause. Id. at 711; United States ex rel. Shakur v. Comm'r of Corrections, 303 F.Supp. 303 (S.D.N.Y.), aff'd, 418 F.2d 243 (2nd Cir. 1969),

5/6

Cert. denied, 397 U.S. 999, 90 S. Ct. 1144, 25 L.Ed.2d 408 (1970). Atkins' liberty interest is sufficiently urgent that as a matter of Due Process it cannot be denied without the application of a reasonably clear legal standard and the statement of a rational basis for the denial.

Atkins, Supra, 644 F2d at 549. It follows that due process here requires an adequate factual record for review of the decision to hold Contreras on such an onerous bond. As eloquently stated by Justice Jackson in Stack v Boyle, Supra, "the Judge is not free to make the sky the limit, because the eighth amendment to the Constitution says: "Excessive bail shall not be required...." 342 us at 8 (Jackson, J, Concurring). And our Supreme Court, as explained, requires reasons for arriving at a decision which infringes upon an individual's liberty pretrial. People v Spicer, Supra, 402 Mich at 40.

## Requested Relief

Respectfully request that this honorable court, Enter a peremptory order vacating the trial court's order's which denied bond modification and remanding to the trial court for consideration of Defendants-Appellant's financial ability to post a reasonable bond which is not "excessive" under Const. 1963, Art. 1 § 16 and us Const, Amend VIII.

6/6

# Ground two Speedy trial

Defendant Contreras has Been Deprived of His Constitutional and Statutory Right to a Speedy Trial.

Our Supreme Court has observed that:

Both the United States Constitution and the Michigan Constitution guarantee a criminal defendant the right to a Speedy trial. US Const, Am VI; Const 1963, Art. §20. We enforce this right both by Statue and by Court rule. MCL 768.1; MCR 6.004(A). The time for Judging whether the right to a Speedy trial has been violated runs from the date of the defendants arrest. united States v Marion, 404 US. 307, 312 (1971). People v Williams, 475 Mich 245, 261 (2006)

IN Williams the Court held that "a defendant's right to Speedy trial is not violated after a fixed number of days," id. and, as held in People v Grimmett, 388 Mich 590, 598 (1972), overruled on other grounds in People v White, 390 Mich. 245 (1973), it concluded that a Court must "balance the following factors: (1) the Length of delay, (2) the reason for delay, (3) the defendants assertion of the right, and (4) the prejudice to the defendant." Williams, at 261-262 (citing people v Grimmett, Supra, 388 Mich at 606; Barker v Wingo, 407 US 518 (1972)). See also Vermont v Brillon, 556 US 81, 90 (2009) ("Barker established a balancing test, in which the Conduct of Both the prosecution and the defendant are weighed.'") (quoting Barker, 407 US at 529). As it was made Clear in Brillon, though, the four factors are merely "Some of the factors that Courts Should Weigh."

1/4

The Williams Court determined that "Following a delay of eighteen months or more, prejudice is presumed, and the burden shifts to th prosecution to show that there was no injury. Williams, at 262 (citing People v Collins, 388 Mich. 680, 695 (1972))." Under the Barker test, a presumptively prejudicial delay triggers an inquiry into the other factors to be considered in the balancing of the competing interests to determine whether a defendant has been deprived of the right to a speedy trial.'" Williams, at 262 (citing People v Wickham, 200 Mich App 106, 109, 110 (1999)).

## Constitutional and Statutory Speedy Trial Grounds

At this time in these proceedings there can be no debate as to whether Defendant was arrested more than 18 months ago as set forth in Williams, "the time for judging whether the right to a speedy trial has been violated runs from the date of defendant's arrest." 475 Mich at 261. Thus, at this juncture, "prejudice is presumed, and the burden shifts to the prosecution to show that there was no injury." Therefore, due to the People being required at this time to meet its "burden" in this situation, far be it from defendant to engage in a prejudice analysis and encourage the people to form its arguments in reliance upon what defendant may believe here. Accordingly, defendant will give the people its opportunity to demonstrate that Defendant has not been prejudiced since the burden is on the people first because more than 18 months have elapsed from the time of defendant's arrest- which triggers the presumption of prejudice in this case.

2/4

MCL 768.2 Statue provides:

The trial of Criminal Cases Shall take precedence over all Other Cases; but this provision Shall not be interpreted to mean that trials of Civil Cases Shall not be interspersed between trials of Criminal Cases triable before a jury at any term of Court. No adjournments, Continuances or delays of Criminal Causes Shall be granted by any Court except for good Cause Shown in the manner provided by law for adjournments, Continuances and delays in the trial of Civil Causes in Courts of record: Provided, That no Court Shall adjourn, Continue or delay the trial of any Criminal Cause by the Consent of the prosecution and accused unless in his discretion it Shall Clearly appear by a Sufficient Showing to Said Court to be entered upon the record, that the reasons for Such Consent are founded upon Strict necessity and that the trial of Said Cause Cannot be then had Without a manifest injustice being done. [MCL 768.2]

The Oakland County Circuit Court, as an institutional "practice," has taken to managing its docket Control by individual judges Scheduling a multiple number of trials to be had in each week. For example, the presiding Courtroom over defendants Case had Scheduled 5 trials to begin on January 17, 2023, including Defendents. The Register of Actions ("ROA") in this Case is replete with unexplained trial date adjournments due to "Judge not available" and with no explenation whatsoever. It is a System in Oakland County that has, frankly, run amok and which, Moreover, Should be re-examined. MCL. 768.2, quoted above, does not permit this kind of docket management. Such management Stymies a defendant's Constitutional rights to a Speedy trial (which is examined Separately from this point of error). Our Supreme Court, long ago, made it Clear after examining MCL 768.2

3/4

(which has not been amended since its decision) that "In appeals arising from Future trials, this Court will view with great concern adjournments which are not supported by good cause shown on record." People v Harrison, 386 Mich 269, 274 (1971).

The Court, as directed by MCL 768.2, must only act "In the manner provided by law for adjournments, continuances and delays in the trial of civil causes." The Supreme Court has the power to create rules, which operate as law, with respect to "the practice and procedure in all Courts of this State." Const 1963, art. VI, § 5. With respect to "Civil Causes" the Supreme Court has implemented MCR 2.503 and Subrule (A) States "this rule applies to adjournments of trials, alternative dispute resolution processes, pretrial Confrances, and all motion hearings." MCR 2.503 (A)

Subrule (D)(1) States:

In its discretion the Court may grant an adjournment to promote the cause of justice. An adjournment may be entered by order of the Court either in writing or on the record in open Court, and the order must state the reason for the adjournment. [MCR 2.503 (D)(1)

With due respect, the record ("BOA") demonstrates numerous instances of non-compliance (and what can only be called pro forma attempts to comply) with MCL 768.2. This is a separate, independent ground for dismissal of the instant action against Defendant.

4/4

4C

# Oakland County Sheriff's Office

## CONTERAS, RAUL #0433407 - Inmate Information Statement

**ATTENTION:** The information below was taken from Oakland County's computer system. Each section contains information as to who to contact in the event of errors or missing information. Your housing unit Officer is NOT responsible for this information and cannot fix or change any of it, so request a KITE form to send to the appropriate unit.

### YOUR CHARGES, BONDS, SENTENCES AND JUDGES (KITE BOOKING with any issues/questions)

| | |
|---|---|
| 201084FY/2020274746FC | 1397 / FELONY: ASSAULT WITH INTENT TO MURDER  *BOND SET on 7/24/2020: $500,000.00 CASH BOND / Judge YASMINE I. POLES   (51ST) |
| 201084FY/2020274746FC | 1397 / FELONY: ASSAULT WITH INTENT TO MURDER  *BOND SET on 7/24/2020: INC OTH SEQ / Judge YASMINE I. POLES (51ST) |
| 201084FY/2020274746FC | 5275 / FELONY: WEAPONS-POSSESSION OF FIREARM IN COMMISSION OF CRIME  *BOND SET on 7/24/2020: INC OTH SEQ / Judge YASMINE I. POLES   (51ST) |
| 201084FY/2020274746FC | 5275 / FELONY: WEAPONS-POSSESSION OF FIREARM IN COMMISSION OF CRIME  *BOND SET on 7/24/2020: $50,000.00 CASH/SURETY / Judge YASMINE I. POLES   (51ST) |
| 201084FY/2020274746FC | 5275 / FELONY: WEAPONS-POSSESSION OF FIREARM IN COMMISSION OF CRIME  *BOND SET on 7/24/2020: $50,000.00 CASH/SURETY / Judge YASMINE I. POLES   (51ST) |
| 201084FY/2020274746FC | 5275 / FELONY: WEAPONS-POSSESSION OF FIREARM IN COMMISSION OF CRIME  *BOND SET on 7/24/2020: $50,000.00 CASH/SURETY / Judge YASMINE I. POLES   (51ST) |
| 201084FY | 5275 / FELONY: WEAPONS-POSSESSION OF FIREARM IN COMMISSION OF CRIME  *DISMISSED/WITHDRAWN on 7/24/2020: VACATED BOND / Judge KUHN II (51ST) |
| 201084FY/2020274746FC | 5275 / FELONY: WEAPONS-POSSESSION OF FIREARM IN COMMISSION OF CRIME  *BOND SET on 7/24/2020: $100,000.00 CASH/SURETY / Judge YASMINE I. POLES   (51ST) |
| 201084FY/2020274746FC | 5299 / FELONY: WEAPONS OFFENSE(OTHER)  *BOND SET on 7/24/2020: $50,000.00 CASH/SURETY / Judge YASMINE I. POLES   (51ST) |
| 201084FY/2020274746FC | 2999 / FELONY: DAMAGE TO PROPERTY(OTHER)  *BOND SET on 7/24/2020: $50,000.00 CASH/SURETY / Judge YASMINE I. POLES   (51ST) |
| 201084FY/2020274746FC | 2999 / FELONY: DAMAGE TO PROPERTY(OTHER)  *BOND SET on 7/24/2020: $50,000.00 CASH/SURETY / Judge YASMINE I. POLES   (51ST) |
| 201084FY/2020274746FC | 2999 / FELONY: DAMAGE TO PROPERTY(OTHER)  *BOND SET on 7/24/2020: $100,000.00 CASH/SURETY / Judge YASMINE I. POLES   (51ST) |

### YOUR ACTIVE HOLDS (If your hold is supposed to be taken care of, contact the originating agency)

NONE

### YOUR UPCOMING COURT DATES (If your court date isn't showing, contact the court so they can fax paperwork to us)

5/15/2023@1300 - PRE-TRIAL before POLES at 6TH

### YOUR INMATE ACCOUNT RECORDS (KITE COMMISSARY with any issues/questions)

CONTERAS, RAUL #0433407 - Inmate Information Statement Generated on 3/18/2023 by KRIERD

# Oakland County Sheriff's Office

## CONTERAS, RAUL #0433407 - Inmate Information Statement

UNPAID FEES AND CHARGES: $0.00                    ACCOUNT BALANCE: $16.20

**YOUR ESTIMATED RELEASE DATE (Note that this date may not be accurate if you're not sentenced or you have holds)**

NO RELEASE DATE ON FILE YET

I am Currently incarcerated in the Oakland County Jail and unable to attach a check for the 5$ filing fee.
I've had a 3rd party Send the Check for the Filing Fee to this address.

the Check to pay the Filing Fee for this writ of habeas Corpus petition is Coming From the address:

Bobbie Jo Bentley Contreras

2958 Sleaford dr.

Waterford, MI 48329

Thank you for your help.

Greatly appreciated,

Paul Contreras
3-20-23

Raul Contreras #0433407
Oakland County Jail
P.O. Box 436017
Pontiac, MI 48343



Office of the Court

United States district Court

231 W. Lafayette, blvd., 5th Floor

Detroit, MI 48226

U.S. MARSHALS

RECEIVED
MAR 27 2023
CLERK'S OFFICE
U.S. DISTRICT COURT

This mail is generated within
the OAKLAND COUNTY JAIL