UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAUL CONTRERAS,

    Petitioner,

v.

                              Civil No. 23-cv-10703
                              Hon. Matthew F. Leitman

MICHAEL BOUCHARD,

    Respondent.

_____/

**<u>ORDER (1) DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 1), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Petitioner Raul Contreras is a state inmate in the custody of the Michigan Department of Corrections. While he was a pre-trial detainee, Contreras filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.) At the time that Contreras filed the petition, Contreras was awaiting trial in the Oakland County Circuit Court on charges for two counts of assault with intent to murder, one count of discharging a firearm at a dwelling, one count of malicious destruction of personal property less than $1,000.00, two counts of malicious destruction of personal property, more than $1,000.00 but less than $20,000, and five counts of felony firearm. On June 1, 2023, a jury convicted Contreras on all of the felony charges listed above.

1

The Court has carefully reviewed the petition, and for the reasons explained below, the petition is **DENIED**.

# I

When Contreras filed his habeas petition in this Court, he was a pre-trial detainee awaiting trial in the Oakland County Circuit Court.[1] Contreras sought habeas relief on the following grounds:

> I. I am being held in custody as a State Pre-Trial Detainee in violation of the 8th and 14th Amendments to the United Sates Constitution; Michigan Constitution 1963 Art. 1 §15, 16 & §17. [The Court construes this is an excessive bail claim.]
>
> II. I am being held in custody as a State Pre-trial Detainee in violation of the 6th and 14th Amendments of the United States Constitution; Michigan Constitution 1963, Art. 1, §20 & §17. [The Court construes this as a speedy trial claim.]
>
> III. I am being held in custody as a State Pre-trial Detainee in violation of the 6th and 14th Amendments of the United States Constitution; Michigan Constitution 1963, Art. 1, §20 & §17. [The Court construes this an ineffective assistance of trial counsel claim.]

Respondent filed an answer to the petition on June 6, 2023. (*See* Ans., ECF No. 7.) In his answer, Respondent informed the Court that a jury in the Oakland County Circuit Court found Contreras guilty of all charges on June 1, 2023. (*See*

---

[1] Because Contreras' petition for a writ of habeas corpus was filed before he was convicted of any crimes, his claims are appropriately reviewed under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. *See Klein v. Leis,* 548 F.3d 425, 430 n. 4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the *judgment* of a State court....' 28 U.S.C. § 2254(b)(1) (emphasis added), a pretrial detainee ordinarily pursues habeas relief under § 2241").

ECF No. 7-1, PageID.100-104.) Respondent then argued that Contreras' convictions rendered his pre-trial excessive bail and speedy trial claims moot. Respondent further argued that Contreras' ineffective assistance claim is non-cognizable in a pre-trial habeas petition. Contreras did not reply to Respondent's answer.

On July 13, 2023, the state trial court sentenced Contreras to 18 to 50 years in prison on the assault with intent to commit murder convictions, 2 to 5 years on the malicious destruction of property, more than $1,000.00 but less than $20,000 convictions, 3 to 10 years on the discharging a firearm at a dwelling conviction, and 2 years on the felony-firearm convictions.[2]

## II

"A petition for a writ of habeas corpus must present facts that give rise to a federal cause of action, or it may be summarily be dismissed." *Switek v. Michigan*, 587 F.Supp.2d 622, 624 (E.D. Mich. 2021). "In the absence of 'special circumstances,' federal habeas relief is not available to review the merits of an affirmative defense to a state criminal charge before the state court issues a judgment of conviction." *Id.* at 625 (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973)). In other words, "[a] state criminal case is ordinarily ripe for federal

---

[2] The Court obtained this information from Contreras' page on Michigan's Offender Tracking Information System (OTIS). *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=760568. The Court is permitted to take judicial notice of information provided by OTIS. *See Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821 n. 3 (E.D. Mich. 2004) (taking judicial notice of information provided by OTIS).

habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his direct appeals." *Id.* (citing *Allen v. Att'y Gen. of Me.*, 80 F.3d 569, 572 (1st Cir. 1996)). Such "special circumstances" that could provide the Court a basis to review a pre-judgment habeas petition could include, for example, "when a petitioner claims that his impending state trial would violate the Double Jeopardy Clause of the Fifth Amendment" or "when a state prisoner asserts his speedy trial rights in a pretrial habeas petition to compel a timely trial." *Id.*

Here, it is at least arguable that at the time Contreras filed his habeas petition, the Court may, perhaps, have had jurisdiction to review his claims (1) demanding that he be brought to trial and (2) contending that he was being held on excessive bail. However, those claims are moot now that the state trial court has completed Contreras' criminal trial and imposed sentence upon him. *See U.S. v. Manthey,* 92 F. App'x 291, 297 (6th Cir. 2004) (citing *Murphy v. Hunt,* 455 U.S. 478, 481 (1982) ("Hunt's claim to pretrial bail was moot once he was convicted.")); *U.S. v. Wheeler*, 919 F.2d 142, at *1 (6th Cir. Nov. 26, 1990) (Table) ("Wheeler's conviction in the instant case renders his claim to pretrial bail moot"); *Carlton v. Warden Atl. Cnty. Just. Facility*, 2022 WL 4459910, at *1 (3d Cir. June 30, 2022) ("Jurists of reason would not debate that Appellant's Speedy Trial claim challenging his pretrial detention has been rendered moot by his conviction"); *Hartman v. Pickney*, 2018 WL 4305218, at *3 (N.D. Ohio Sept. 10, 2018) ("[N]ow that the plaintiff has been

convicted in the case pursuant to a guilty plea and sentenced, any demand for a speedy trial he may be making in his petition is now moot"). Thus, Contreras is not entitled to relief on his speedy trial and excessive bail claims.

Finally, Contreras' third claim alleging the ineffective assistance of counsel is not a claim that this Court may entertain in a pre-judgment habeas petition. That claim should be first addressed by the state courts before Contreras seeks habeas relief in this forum. *See Mason v. Hackel*, 2010 WL 3623205, at *2 (E.D. Mich. Sept. 15, 2010) ("Any [pre-trial habeas] claim that Petitioner is being denied the effective assistance of counsel can likewise be addressed in the state courts"). [3]

### III

For all of the reasons explained above, the Court **DISMISSES** Contreras' petition for a writ of habeas corpus **WITH PREJUDICE**. In order to appeal the Court's decision, Contreras must obtain a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). To demonstrate this

---

[3] This Court cannot convert the petition to a post-conviction challenge to Contreras' convictions because he has yet to exhaust any claims with the Michigan appellate courts. A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Contreras' direct appeal, in fact, is currently pending before the Michigan Court of Appeals. *See People v. Contreras,* Case No. 367237 (Mich. Ct. App.).

denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court **DENIES** Contreras a certificate of appealability because jurists of reason could not debate the Court's conclusion that Contreras failed to demonstrate an entitlement to habeas relief.  The Court further **DENIES** Contreras permission to appeal *in forma pauperis* because an appeal could not be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## IV

Accordingly, for all the reasons stated above, **IT IS HEREBY ORDERED** that the Court (1) **DISMISSES WITH PREJUDICE** Contreras' petition for a writ of habeas corpus (ECF No. 1), (2) **DENIES** Contreras a certificate of appealability, and (3) **DENIES** Contreras permission to appeal *in forma pauperis.*

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated:  November 16, 2023

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 16, 2023, by electronic means and/or ordinary mail.

                                        s/Holly A. Ryan
                                        Case Manager
                                        (313) 234-5126